In re. Khadavi. Raymond John Bekris, counsel for Pellant Greencoin. Keith Patrick Banner, counsel for Appalee. Jason M. Rund, Chapter 7 trustee. Okay go ahead and make your appearance. Raven Bekris on behalf of Greencoin. Okay and you'd like to reserve? How long? I would say eight minutes, nine minutes and then you want to reserve about six. Yeah. Okay I'll tell you what we you will see the marker there okay you need to keep track of it so we will give you a hint if you're going over but it's on you but if you're in the middle of a wonderful point you should feel free to finish it okay. I'm pretty comfortable that's plenty of time. Okay okay well then have at it. Okay okay so we're gonna start this case has an important legal question. What is the definition of a default under the residential purchase agreement? The written residential purchase agreement does not define default. The bankruptcy court made a finding of fact that quote as of December 10th the RPA for failure to timely pay the required deposit. The court found in quote sorry in quote the court found in favor of the trustee on that erroneous finding. Greencoin believes such finding is an error of law and is subject to de novo review. Okay so it's just so I know it's an error of law it's not an error of fact. The entire record is missing a particular date which the trustee alleges green coin defaulted. The record is also missing a date that the court determined green coin was in default. The court's findings that green coin was already in default on December 10th means the default happened at some time before then. But what date? Again no date or event was ever assigned to green coins default. Why is it necessary if the court found that it happened by such-and-such a date isn't that really all we need to satisfy the requirement? I'm sorry if the court found that default existed and I thought it was earlier in December 10th but by such date that there was a default is why isn't that a sufficient finding? Because for a default there has to be an act that would cause a. Well we have several acts or several inactions don't we I mean it's not disputed that the earnest money deposit under the written contract was 2.55 million and that the only money ever paid in for the deposit was 900. So well the default is in my opinion is controlled by the terms and conditions in the contract. Well all right the terms and conditions of the contract I thought was 3% of the of the price which was a 2.55. Right but there's a lot of other terms and conditions under 14d2 a failure to raise the as the option of give it first giving a notice to perform to raise the deposit and if that deposits not raised the seller can cancel the agreement and return the deposit. Go ahead. Well but you don't need the notice to have a default right I mean the default is the default if you were to do a thing the notice gives the seller another right doesn't it? Well that's what we're trying to determine whether there's a default here or not there there's a default is defined in the contract. By the way it's not like this wasn't talked about in the bankruptcy court because the bankruptcy court asked you where's the deposits well it's not quite there yet so it's now had your client actually showed up at any hearings they might have learned that but there you go so I mean it's it's not as if this is a mystery this is discussed openly in the court and it was a mystery to the court that something was supposed to be done that wasn't done. My my client wasn't represented is it doesn't speak English so there was a big problem with it but what I mean that's that's literally assumption of risk isn't it I mean your client was able to fund nine hundred thousand was contracted to pay eighty five million dollars was able to retain you upon the commencement of the adversary was represented by two real estate agents it could have had client could have had an attorney chose not to I mean your client was aware that was subject to bankruptcy court approval and chose not to participate in that process. I I understand that the and this is not relevant we don't believe this is relevant to the default which I will finish in my in my argument but the we're understanding is that he was being advised and it is on the on the record as well and is in the answer it's explained in many other places that the seller's attorney was giving him advice on what he needed to do and what he didn't need to do but that's not what was presented I mean he he allowed his name to be put forward on a contract that was presented to the bankruptcy court never heard anything about it the the blessed contract I mean that is the one that is satisfied all the requirements except for then the performance so why why doesn't that control well first of all he could have performed he had the money to perform he didn't he did have the money there's a proof of service no no he didn't he didn't perform he never played put the money had the funds to perform but that that's all well get me but having the funds isn't the same as well that's what I will explain as I go on go why why it happened the way it did because in the truck I may be backing up a line repeating line okay in the trustees documents he made many different arguments about green coins perceived breaches throughout these proceedings now here in opposition to this appeal he but nowhere has he determined what date or what particular event caused green coins default since no actual date of the default has been determined green coin cannot possibly be legally in default nothing written or signed by the bankruptcy court provides any legal basis or cause or a date of default the no the undiscussed excuse me undisputed facts at the here excuse me on that the undisputed facts at the hearing on December 1st demonstrate Gaddafi informed this is the December 1st hearing the bank reap the bank the bankruptcy court and the creditors that he would cancel the purchase agreement after he gave green coin a notice to raise the deposit if green coin felt put in the three puts three percent balance of the deposit is that at the is that the statement from December 1st status hearing that was the continued hearing on the order to sell which was which if you look at paragraph 13 of the order it says it's continued on December 1st so this was a continued hearing right but didn't counsel also say that they were going to go after the 900,000 if it didn't didn't perform yeah he said he was he was the judge asked him is there a deposit that may be refundable and he said he wasn't sure what they might argue about no he said that there was it was contentious there was a contention yeah contention over the deposit right but then he also said that they were going to go after the 900,000 he said that okay okay something to that effect right I understand no we're not we're not being literal on understand okay the court then and there this is after after he said he's going to cancel after he if he doesn't put in the 3% deposit the court then and there instructed Kadabi to file and serve a declaration on December 6 stating the results of the December 6 Kadabi submitted a said declaration under penalty of perjury unequivocally expressing that he had canceled the residential purchase agreement because green coin failed to raise the deposit after he gave green coin and notice to perform to raise the deposit 3% as you're right at your six minutes for what it's worth okay if I have to go 15 I want to finish this okay as demonstrated in the hearing transcript on December 1st 2021 there was no determination that green coin would be in default if green coin failed to comply with that notice to raise the deposit in fact the word default does not even appear one time in that transcript the only consequence conveyed to those in attendance on that day was the residential purchase agreement would be canceled on December 1st in the hearing on December 1st but we just talked about and I think you conceded that council also mentioned that it was the debtors position that they would proceed against the deposit no there was no mention of default but is a status I mean the notice had been given to cure and there was hope I mean so but again I think you're confusing default would cure a little further in my argument here exactly where I'm going okay let you get okay no one objected or said Kadabi could not cancel the residential purchase agreement without court approval court approved it at that give a declaration let me know what happens green coin justifiably relied on the written terms of the residential purchase agreement and relied on the written terms in the notice to buyer to perform the only consequence for failing to pay the remainder of the 3% deposit was the seller would cancel the on those written terms in the residential purchase agreement expressing that the seller that should that should the seller cancel expressing that in the visit of the terms of the residential purchase agreement expressing that should the seller counsel for the failure to raise the deposit this is 14 d2 the nine hundred thousand dollars would be returned nowhere related to the failure to make the deposit do those written terms state that green coin would be in default for failing to close the escrow since Kadabi absolutely canceled the residential purchase agreement on December 6 green coin simply had no contractual duty to perform beyond that date because green had no duty to perform beyond December 6 green coin could not be in default for not closing escrow failure to pay the remainder of the 3% deposit does not prevent the buyer from closing escrow green coin was never given a demand to close escrow like it does in the probate purchase agreements for which green coin is asked this court to take judicial notice of there is no dispute Kadabi canceled the residential agreement not for green coins failure to close escrow but instead canceled for green coins failure to pay the balance of the deposit this contract right was absolutely provided to Kadabi in approved by the court in the cell order green coin believes based on the undisputed facts its action never rose to the level of default under the residential purchase agreement which was approved by the court and approved with the oversight of all the creditors on December 21st I mean on December 1st 2021 at that continued hearing who thereby had both notice and an based on the undisputed facts green coin is contractually entitled by the residential purchase agreement to a full return of its deposit under 14 d2 because it was canceled based on the express terms in that paragraph I were you I'd sit down you got about a minute and 15 left okay okay we'll hear from the other side thanks okay can we have an appearance by counsel for the after we please thank your honor Keith Patrick banner of Greenberg Lester for okay so I certainly appreciate the opportunity to argue on behalf of the trustee in this appeal I am happy to answer any preliminary questions the panel may have or I can go into my initial remarks okay hearing none um what I'd like to what I'd like to address is you know we've heard a lot from green coins counsel today but you know I think the facts in this matter are straightforward and undisputed and that's essentially what the bankruptcy court recognized and it's very thorough findings and conclusions the facts are the undisputed facts are the debtor and appellant green coin entered into a contract to purchase real property for 85 million dollars which contained a liquidated damages provision green coin was required to pay as your honor pointed out green coin was required to pay 2.55 million as the initial deposit under that contract and it's undisputed that green coin only paid nine hundred thousand dollars of that deposit but counsel that sale went forward with a I mean the whole purpose of deposit it is to be deposited before closing and bankruptcy generally deposited prior to presentment of of the sale for approval and the obviously the deposit was not paid when the motion was presented an when was that deposit due so and I appreciate your comments here on I I recognize we certainly recognize the fact that the full deposit was not paid as the time the motion was filed but regarding the fact that as to what deadline applied you know green point is attempted to confuse the issue by quibbling over when the deposit was due but the fact remains no matter what deadline is considered green coin miss that deadline under the contract it's three business days after acceptance which would have been September 13 green coin did not pay the full deposit by that day if we look at the if we consider from entry of the sale order three business days after entry of the sale order would be November 13th did did green coin make the deposit then no if we even look to three days after the notice to perform that would be you know it's the December 6th would be the deadline to make the full deposit greenpoint make the deposit on that date no the so what we know is that after December 6th the very last date this could possibly be due which in the trustees opinion it was the green point was in default well before December 6 and that brings up a point that we're trying to make to opposing counsel with the notice that was given to perform the reason that notice is given isn't it is because it's in default exactly your honor and that's one thing we point out in the brief is that the notice to perform itself indicates that the green coin failed to perform the buyer failed to perform it is one last chance to cure they did not you know they as stated on the record the December 1st transcript clearly reflects the debtor wanted to sell this property and if the green coin had the funds to post in the escrow that the debtor would have been more than happy to sell this property it would have satisfied all creditors and been a huge benefit to everyone unfortunately green queen couldn't even make the initial deposit of 2.55 million and was well in default by the time the December 1st hearing came and by the time the notice to perform expired I think that leads or segues into the cancellation issue and I'd like to hear your thoughts as to the December 6th declaration and the statement regarding cancellation our use of that word I mean we're here on a review of a motion for summary judgment why doesn't that create a question of fact and I think for the question your honor I think there's a few reasons why the December 6th declaration does not create a disputed issue of fact so first we have simply we in their answer and which they indicate green coin indicates at that this was there was a mutual cancellation of the contract that there was no the you know as as we point out in the papers a cancellation under paragraph 14 d2 is a unilateral cancellation and it's at the discretion of the seller and so to start we have judicial admissions in the answer that paragraph 42 of the answer it states quote the plaintiff signed a mutual cancellation of the contract and quote I think paragraph 45 also says that but that that's after the December 6 I mean my understanding is that that cancellation whichever version I mean there are several versions but they were all these dated December 10th weren't they yeah and I think that shows that there's no they the green coin has not raised a genuine issue because we have in the record a December 10th document you know four days after the December 6th declaration where the parties made an effort albeit a secret undisclosed effort to cancel the contract and split the deposit why would it be necessary for the parties to actually effectuate a form CC form that cancels the contract and distributes the escrow if the if the entire you know if there was a unilateral cancellation on December 6 a it's not these this assertion that the December 6 declaration effectively canceled the the agreement is inconsistent with that fact that four days later there was a mutual document purporting to cancel the agreement and in addition to that on December 1st at the December 1st hearing as your honor points out counsel made it clear that they were going to I think quote go after sir I guess the quote is this quote certainly the debtor is going to seek to retain that deposit so on the record on December 1st the council makes it clear that they will be going after the deposit they feel they have the right to the deposit it is inconsistent with the record to say that you know so many days later that the debtor unilaterally canceled the contract purported to unilaterally cancel the contract and simply was going to give back the deposit when already you know in December 1st there was argument that we're going after the deposit there was a lot of concern from the court about that deposit on December 10th we have the parties mutually purporting to mutually cancel the contract that you know that green coin now argues was already canceled on December 6 through the declaration and more than that even the plain language of the declaration certainly that we recognize the word canceled in the past tense was used but you know there's the document does not purport to indicate that I Alex could I be here by chance I hereby exercise my right under 14 d2 to unilaterally cancel that is not the case there's no document out there to reflect what was canceled under you know as reflected there was just no unilateral cancellation and hence the debtor in attempted to divide up the deposit later through a secret agreement it's it's in there there's just no indication that there was ever a unilateral cancellation here that is something that the bankruptcy court requested additional briefing on the on that issue and the court specifically found that the December 6 declaration did not affect the cancellation a cancellation under 14 d2 which is a unilateral cancellation at the discretion of the seller so moving on from that well staying with the unilateral cancellation under 14 d2 one thing that counsel noted was that that green coin just five we relied on that provision was in the RPA up I'm a little perplexed by that argument only in as much as as as we all know from the document itself cancellation under paragraph d2 is is that the sole discretion of the seller so it is not reasonable to rely on something that is entirely in the discretion of the other party but certainly green coin could recognize that that the seller the ultimately cancel and refund the deposit but to rely on that and feel that the that green coin is always entitled to a full refund of its deposit that it it just doesn't make common sense to what to you know when to rely on something that's entirely within the discretion of the other party because what ultimately the debtor can also do is exercise its rights under the liquidated damages provision which this adversary proceeding was commenced to the deposit under the liquidated damages provision yeah it's a little it it's kind of curious that the argument is we entered an agreement there was an obligation to provide a deposit about a third of it was provided the the obligation to complete that performance was never formally excused now I realized the parties enter into a whole bunch of other argument agreements that the bankruptcy court never see so that's another story but the result of my having defaulted and you needing to move on because bankruptcy you know unfortunately we do experience situations where some transactions are real and some aren't and when the bankruptcy court chatting with with perhaps it was you about where things were going with this sale the bankruptcy court basically says well at some point you're gonna have to move on that's just an acknowledgement that in that process we have a duty to go forward and an insurance and complete a transaction that's real and not one that seems to be not progressing so the fact that one moves on in my mind has nothing to do with the deposit one way or the other it's just there's an obligation to move on and if the argument is well I cannot perform you cancel I get all my money back it's a get out of jail free card that's a hard one for me to grab and I think the judge you know judge blue bond in the bankruptcy court certainly recognized the importance of the deposit that was her first question you know what about the deposit yeah and debtors counsel's response it was the debtors counsel we represent chapter seven trust thank you for reminding me thanks yeah the debtors you know debtors counsel's response was we will go after the deposit that the purpose of the deposit in this case is to protect the well I mean the first practical effect is people are actually going to close a sale if they're going to lose some money if they don't so they're going to be serious about it yes right that's step one and after that it gets into litigation issues yeah I mean I would be on behalf of the estate it would have been great if if green coin was had the funds as counsel indicated to close the sale it would have been nothing better for the estate to sell the property to green coin it you know the the property was ultimately auctioned by my client Jason Rund unfortunately it was in about 45 million as opposed to the 85 million purchase at issue here at any time before the trustees sale closed we would have been happy to you know entertain any offer from green point green coin never surfaced and all we have done has been locked in this litigation over this partial deposit of only $900,000 which is much less than the required 2.5 5 million under the contract so I there were just there was some discussion from counsel about whether there was a default I think it's fairly obvious from the record that the failure to pay the deposit was a default but I am certainly happy to spend a minute or so on the issue of the default I think both parties recognize that default is not defined under the particular contract but I as we quoted in our in our brief that when default is not defined in the absence you should one should look to the plain meaning as we cite to a ninth circuit case FPT productions LLC versus aftermath records the law is clear in that regard green coin has not rebutted our our position so a default under flexible dictionaries the omission or failure to perform a legal or contractual duty well what was green coins contractual duty pay the required 30% deposit did it do so no so I from the trustees perspective there's really no question of whether there was a default here we believe that the bankruptcy court got it right there was clearly a default by December 10th whatever deadline you look at there was clearly a default by December 10th when the parties ultimately purported to enter into a secret settlement without disclosure to creditors or the court and attempt to split the deposit among them so with that unless your honors have any more questions for me I'm I'm happy to counsel okay I do not judge Corbett okay thank you very much thank you okay how much time do we have for the okay you got a minute 10 okay first of all the contracts are perpetual if you look at the contract everything depends on it takes an act you don't there's there's no default you have to put a notice to on and on they go on forever until they're closed he had a choice at the end when this when this time came up why didn't he put in notice to close the escrow a demand to close escrow so those were the two choices he had why did he put a demand not a demand a notice to perform a notice to perform does not it requires the return of the deposit a demand to close escrow why didn't they do it they didn't do it they put a notice to perform to raise a deposit which according to the contract and he's talking about contract law this is jet this is not a general contract law that his argument on contracts don't apply in this case this is a specific contract and I know I just have a few seconds left he did talk about but you didn't seem to be interested in the the the later mutual agreement but just regarding that this the mutual is irrelevant because green coin was never allowed to rent the property so the the the mutual agreement was to rent the property back for two months they never got to use the property so and it's not it's not relevant to me all right thank you for your very good arguments interesting question we will take the matter under submission and we'll get your written decision as soon as we can so thank you very much thank you all thank you okay thanks all right should we call the next matter
judges: Lafferty, Spraker, and Corbit